# In the United States Court of Appeals for the Federal Circuit

---

No. 19-2211

---

BRUCE R. TAYLOR, CLAIMANT–APPELLANT,

*v.*

DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS, RESPONDENT–APPELLEE.

---

*Appeal from the United States Court of Appeals for Veterans Claims in Vet. App. No. 17-2390, Judge William S. Greenberg, Judge Amanda L. Meredith, and Judge Joseph L. Falvey, Jr.*

---

### APPELLANT'S STATUS REPORT

---

Appellant Bruce R. Taylor suffered in government-enforced silence for nearly four decades before the Department of Veterans Affairs in 2006 finally lifted the restriction that prevented him from applying for disability benefits. Although the Supreme Court's decision in *Arellano v. McDonough*, 143 S. Ct. 543 (2023), clears the way for this Court to finally right that injustice, the government vaguely asserts that the decision provides reason for even further delay. The government is wrong: No further briefing or argument is

warranted or necessary. The Court should grant Mr. Taylor benefits retroactive to his date of discharge, without delay.

The government does not meaningfully dispute the appalling facts of this case, to include its central role in causing Mr. Taylor to be where he is today. Mr. Taylor is a combat veteran whom the United States Army subjected to cruel and inhumane chemical tests at Edgewood Arsenal, Maryland, before he then completed two combat tours in Vietnam. The Army's secrecy oath regarding the Edgewood program—enforced with the threat of criminal punishment—barred Mr. Taylor from receiving service-connected disability benefits at the time of his honorable discharge in 1971 and from challenging the denial of those benefits through VA or court processes.

In June 2006, the government effectively conceded that its actions had prevented military veterans from seeking the help they needed when it advised Edgewood program veterans like Mr. Taylor that they could finally discuss their participation in the program with their healthcare providers. Shortly thereafter, Mr. Taylor applied for disability benefits retroactive to the date of his discharge. However, the VA refused to award Mr. Taylor such relief. Instead, the Department cruelly asserted—and continues to maintain to this day—that Mr. Taylor placed himself beyond the reach of any

discretionary relief when he failed to submit an application within a year of his discharge, even if doing so would have violated his secrecy oath and subjected him to criminal punishment. *See* Appellant En Banc Br. at 4–17.

In June 2021, a panel of this Court unanimously held that although it could not equitably toll 38 U.S.C. § 5110(b)(1), the Court would equitably estop the government from relying on § 5110(b)(1) given the coercive secrecy oath the government imposed for decades on Mr. Taylor. *See Taylor v. McDonough*, 3 F.4th 1351, 1367 n.11, 1374 (Fed. Cir. 2021). The panel's reasoning echoed Judge Greenberg's dissent, which asserted that, in denying Mr. Taylor relief, the Veterans Court had "fail[ed] the test" of "judicial humanity." *Taylor v. Wilkie*, 31 Vet. App. 147, 155 (2019) (Greenberg, J., dissenting) (cleaned up).

This Court subsequently ordered en banc review. It directed the parties to brief whether equitable estoppel was available to Mr. Taylor and whether the government's conduct violated Mr. Taylor's constitutional right of access to the courts. In light of its en banc ruling in *Arellano*, the Court directed the parties not to brief equitable tolling. *See Taylor v. McDonough*, 4 F.4th 1381, 1381–83 (Fed. Cir. 2021).

After oral argument, the Court stayed Mr. Taylor's appeal while the

Supreme Court in *Arellano* considered whether equitable tolling applied to § 5110(b)(1). *See* Order (Feb. 22, 2022), ECF No. 91. On January 23, 2023, the Supreme Court held that § 5110(b)(1) is not subject to equitable tolling. *See Arellano*, 143 S. Ct. at 546.

The Supreme Court's ruling in *Arellano* does not affect Mr. Taylor's entitlement to relief. To start, the Court did not have before it an argument about constitutional right of access and therefore did not address that doctrine at all. And as to equitable estoppel, the Court expressly left open "the applicability of other equitable doctrines, such as waiver, forfeiture, and estoppel." *Id.* at 552 n.3. Because *Arellano* only addressed the narrow statutory question of the extent to which § 5110(b)(1) is subject to equitable tolling and left open the availability of other doctrines like equitable estoppel and constitutional right of access, the issues on which this Court granted en banc review remain ripe for this Court's consideration.

The government concedes as much but vaguely asserts that *Arellano* "provides a basis for this Court to affirm" the lower court decision in this case. *See* Notice (Feb. 17, 2023), ECF No. 93. Respectfully, the government has it precisely backwards. The Supreme Court reserved judgment on the availability of these other equitable doctrines like equitable estoppel, even

though the government had argued that *Office of Personnel Management v. Richmond*, 496 U.S. 414, 432 (1990), rendered equitable tolling unavailable in Mr. Arellano's case, *see* Brief for Respondent, *Arellano v. McDonough* (No. 21-432), the same precedent the government uses to argue against equitable estoppel as to Mr. Taylor. Thus, nothing about the Supreme Court's ruling "provides a basis for this Court to affirm."

Although the Supreme Court did not elaborate as to why doctrines like waiver, forfeiture, and estoppel may merit different treatment than equitable tolling, the justification is apparent. Doctrines like estoppel bar litigants from taking advantage of time limits like those found in § 5110(b)(1) when a litigant "takes active steps to prevent the plaintiff from suing in time"—just as the government has done to Mr. Taylor for decades. *See, e.g.*, *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990). That contrasts with equitable tolling, which affords litigants extra time to file suit even if their adversary played no part in the failure to timely file. *See id.* at 451; *see also Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 192 (1997) (citing *Cada*'s discussion as to the difference between equitable tolling and equitable estoppel).

In sum, *Arellano* addressed a different issue on very different facts. For these reasons, the government's request for supplemental briefing in light of

*Arellano* would do little more than further delay a case that Mr. Taylor has already litigated for 16 years. The two issues on which this Court granted en banc review remain ripe for resolution. As Mr. Taylor outlined during oral argument and in his en banc briefing, those issues should be resolved without delay in Mr. Taylor's favor.

Dated: February 21, 2023     Respectfully submitted,

/s/ *Liam Montgomery*
LIAM MONTGOMERY
   PRINCIPAL ATTORNEY
D. SHAYON GHOSH
ANNA HROM
TIMOTHY PELLEGRINO
WILLIAMS & CONNOLLY LLP
  680 Maine Avenue, S.W.
  Washington, D.C. 20024
  Phone: (202) 434-5030
  Fax: (202) 434-5029
  E-mail: lmontgomery@wc.com

MARK B. JONES
MARK B. JONES ATTORNEY AT LAW
  1203 Michigan Street
  Sandpoint, Idaho 83864
  Phone: (208) 263-0886
  E-mail: thessaguy@hotmail.com

*Counsel for Appellant Bruce R. Taylor*

## **CERTIFICATE OF SERVICE**

I, Liam J. Montgomery, counsel for Appellant and a member of the Bar of this Court, certify that, on February 21, 2023, a copy of the foregoing was filed with the Clerk and served on the parties through the Court's electronic filing system.

Dated: February 21, 2023                     /s/ *Liam J. Montgomery*
                                                                Liam J. Montgomery